UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 17-055-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SMIRNA ORTIZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Smirna Ortiz has submitted a letter that the Court construes as a motion for a sentence reduction or compassionate release pursuant to 18 U.S.C. § 3582(c).[1]  She is currently serving a sentence of 97 months' imprisonment following a conviction for conspiracy to commit money laundering.  [Record No. 404] The Court previously denied Ortiz's "emergency motion" seeking immediate release due to the threat of COVID-19 infection.  [Record Nos. 533, 534] That motion relied primarily on her medical conditions.  The present motion states that FCI Hazelton is "on lockdown" due to the number of active COVID-19 cases.  [Letter, p. 1]

Ortiz also contends that her children's primary caregiver, her mother, is struggling to render care due to an injury.  [*Id.*]  She does not expressly request a sentence reduction, but she asks the Court to "have compassion" and provide her an "opportunity."  [*Id.*]

Section 3582(c)(1)(A) provides:

---

[1]   Ortiz's letter is not in the record, but it will be filed along with this Order.  References to it will be styled: [Letter, p. 1].

the court, upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier , may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

The statute "embod[ies] a three-step inquiry." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). The Court must consider whether: (1) "'extraordinary and compelling reasons' warrant a reduction"; (2) a reduction would be "consistent with the applicable policy statements issued by the Sentencing Commission"; and (3) "the § 3553(a) factors, to the extent they apply, support the reduction." *United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020).

Since Ortiz last filed a motion for a reduction, "there has emerged a newfound consensus among the courts" that there is no *applicable* policy statement to a prisoner-filed compassionate-release motion. *United States v. Elias*, --- F.3d ---, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021). Accordingly, the Court skips the second step of the analysis where, as here, the motion is filed directly by an inmate rather than the BOP. *Jones*, 980 F.3d at 1111.

Rather than consult the policy statements alone, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* The undersigned has concluded that, while the policy statement found in United States Sentencing Guideline §

---

[2] Ortiz did not support the current motion with evidence that she met the exhaustion requirement. She previously filed evidence that the warden of her facility denied relief based on her "Debilitated Medical Condition," but the current motion relies on different grounds. [Record No. 533-1] Nevertheless, for the reasons stated herein, the Court finds that her failure to satisfy this burden is immaterial because she is not entitled to the relief sought.

1B.13 is not binding, it provides a helpful starting point in considering whether extraordinary and compelling reasons exist.

The Court previously evaluated Ortiz's medical conditions under the relevant policy statements and determined that she was not "suffering from a medical condition that warrants relief." [Record No. 534, p. 3] Just as before, Ortiz lists hypertension, obesity, and depressive disorder. Because the current motion relies on the same medical conditions and concerns previously addressed, the Court reaches the same conclusion regarding the seriousness of her conditions.

But as noted, Ortiz also raises additional concerns about her children's caregiver and the state of affairs at FCI Hazelton. The policy statement concerning "family circumstances" contemplates an extraordinary and compelling circumstance where a defendant alleges the "death or incapacitation of the caregiver of the defendant's . . . minor children." U.S.S.G. § 1B1.13 n.1(C). Ortiz has not alleged that her situation is analogous. And the Court previously considered and rejected the same argument for a lower sentence. [*See* Record No. 447, p. 43 ("But there would be no significant impact in terms of being able to support children if the Court reduced even by a modest amount the length of incarceration in the case.").] And concerning her facility's response to COVID-19, the undersigned does not consider active cases *alone* an extraordinary and compelling reason for a sentence reduction.

However, even assuming Ortiz's circumstances, either individually or in combination, amount to an extraordinary and compelling reason for a reduction, the 18 U.S.C. § 3553(a) factors counsel against a reduction. *See Jones*, 980 F.3d at 1108 (affirming the denial of compassionate release based upon the district court's analysis of the § 3553(a) factors); *Ruffin*, 978 F.3d at 1006 (courts may deny compassionate release based "on the third discretionary

rationale alone"). "Section 3553(a) blankets a vast terrain of sentencing factors, such as the nature of the offense, the characteristics of the defendant, and numerous penological objectives." *Jones*, 980 F.3d at 1114.

The undersigned continues to note the seriousness of Ortiz's offense. She was an integral part of an organization that distributed dangerous drugs to individuals throughout Kentucky and elsewhere. And while the Court appreciates her recent acceptance of responsibility, her sentence remains necessary to reflect the seriousness of the offense, promote respect for the law, and provide both general and specific deterrence to future criminal conduct. In short, a reduction of Ortiz's sentence, which was at the bottom of her Guidelines range, would "send the wrong message. It would unduly diminish the seriousness of this particular offense in light of this defendant's activities." [*Id.* at p. 46] Accordingly, it is hereby

**ORDERED** as follows:

1. The defendant's motion for a sentence reduction or compassionate release is **DENIED**.

2. The Clerk of Court is directed to file a copy of Defendant Ortiz's letter in the record of this proceeding.

Dated: January 14, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky